EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARÍA ROSARIO RUIZ, acusada y apelante.

No. 3551.—*Visto:* Junio 13, 1928. *Resuelto:* Junio 15, 1928.

*A. Ramírez Silva, abogado* de la apelante; *José E. Figueras*, abo-
gado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La sección primera de la Ley No. 73 de 1919 regulando el trabajo de mujeres y niños, y protegiéndolos contra ocupaciones peligrosas, dispone que a ninguna mujer se le empleará o se le permitirá que trabaje en ninguna clase de ocupación lucrativa en el período comprendido entre las diez de la noche y las seis de la mañana; sección que no es aplicable a las que trabajan como telefonistas, telegrafistas, artistas o como enfermeras y sirvientas.

Por infracción de ese precepto legal fué condenada la apelante porque siendo dueña de un taller de bordados empleó a dos mujeres en trabajos después de las diez de la noche mediante pago; y el primer motivo de error que alega para su recurso es por no haber sido sostenida por la corte inferior la moción de absolución que le hizo por insuficiencia de la prueba del fiscal (*nonsuit*) por no haber probado que esas mujeres trabajaron por órdenes o mandatos de la ape-

lante. De la prueba del fiscal resulta que trabajaban mediante pago, lo que excluye la idea de que trabajaban por pura voluntariedad y no por órdenes o mandatos de la apelante; y de la prueba que presentó la denunciada en el juicio resulta que ella es la dueña del establecimiento y estaba en el taller con esas mujeres, lo que demuestra su consentimiento para ese trabajo.

El segundo motivo del recurso es porque existía un caso de emergencia que justificaba el trabajo de esas mujeres toda vez que cierta mercancía consistente en pañuelos y bordados tenía que salir aquella noche de Mayagüez para ser embarcada en el vapor que saldría para los Estados Unidos al siguiente día, jueves. Sin embargo, ése no era un caso de emergencia porque esos artículos no son susceptibles de rápido deterioro o destrucción, ni se trataba de una necesidad apremiante de momento que no pudo ser evitada preparando la mercancía con anticipación. Emergencia es un suceso súbito o inesperado. Cent. Dict.

El último error alegado es por insuficiencia de la prueba para sostener la sentencia condenatoria.

Los testigos del fiscal declararon que vieron a esas mujeres trabajando a las 10:25 de la noche, mientras que los de la defensa manifestaron que el trabajo se terminó antes de las 10 de la noche y que las mujeres estaban esperando que llegaran a buscar la mercancía: pero ese conflicto de evidencia fué resuelto por la corte inferior en contra de la apelante sin que veamos motivo para declarar que cometiese error.

*La sentencia apelada debe ser confirmada.*